## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DERICK PERRY BROWNE,** | **Civil Action No. 17-1537 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **ERIC TAYLOR, et al.,** | |
| **Respondents.** | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Derick Perry Browne, filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Because Petitioner has paid the appropriate filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.


## I.  BACKGROUND

Petitioner, Derick Perry Browne, is a native and citizen of Sierra Leone, who entered this country and became a lawful permanent resident in 2000.  (ECF No. 1 at 1).  According to the petition, Petitioner was ordered removed on April 11, 2012.  (*Id.* at 3).  Petitioner did not appeal that removal order, and thus Petitioner essentially concedes that he has been subject to a final order of removal since mid-2012.  (*Id.*).  Despite the four year old order of removal, Petitioner was apparently not taken into custody until October 21, 2016.  (*Id.*).  He has apparently remained in

custody since that date.  As of the date of this opinion, Petitioner has therefore been detained for approximately five months.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.  *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).  ).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B.  Analysis**

In his petition, Petitioner contends that there is no reasonable likelihood of his removal in the foreseeable future, and that he should therefore be entitled to release pursuant to the Supreme Court's opinion in *Zadvydas*.  Because Petitioner concedes that he has been subject to a final order of removal for the entirety of his current period of detention, his detention arises pursuant to 8 U.S.C. § 1231(a).  As the Court explained in *Zadvydas*, § 1231(a) requires the Government to detain all aliens subject to final orders of removal throughout the ninety day removal period following a final order of removal.  501 U.S. at 683.  The statute also provides the Government with the authority to detain aliens beyond the removal period so long as the alien's detention is "reasonably necessary" to effectuate his removal from the United States.  *Id.* at 689, 699.  Having considered the requirements and authority provided by § 1231, the *Zadvydas* Court held that an alien may be held under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention will be presumed to be reasonable and not subject to a habeas challenge.  *Id.* at 701.  Thus, where an alien has been held for less than six months pursuant to a final order of removal, any challenge to his detention pursuant to *Zadvydas* will be premature, and any such petition must be dismissed as such.  *Id.*  In this matter, Petitioner is detained pursuant to § 1231 as he is subject to a final order of removal, and has been in detention for only five months.  As Petitioner's detention has therefore yet to crest the six month presumptively reasonable period, his current challenge raised pursuant to *Zadvydas* is premature, and must therefore be dismissed without prejudice at this time.  *Id.*

3

**III. CONCLUSION**

For the reasons expressed above, this Court will dismiss Petitioner's habeas petition as premature.  An appropriate order follows.

Dated: March 23, 2017                        <u>***s/ Susan D. Wigenton***</u>
                                             Hon. Susan D. Wigenton,
                                             United States District Judge

4